**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE-DIVISION**



Perry Keith Martin,
               Plaintiff,

v.

Edwin G. Buss, et. al.
               Defendant(s).     /

Case No.: 11:20965
Magistrate Judge: P.A. White
**"Supplemental Complaint"**

FILED by _____ D.C.

JUL 12 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

The Plaintiff(s): Both [**Status Report**] and [**Amended Complaint**] Pursuant to Both F.R. of Civil P. Rule (15)(A) and Pursuant to Article (1) Section (9) of the Florida Constitution.

COMES NOW, the Plaintiff, Perry Keith Martin, acting as [***pro se***] who does respectfully move this Honorable Court, pursuant to both Federal Rule(s) of Civil Procedures Rule #15(A) and Pursuant to Article (1) Section (9) of the Florida's Constitution under (**Due Process**) and (**Equal Protection Clause(s)**) and thereafter the Plaintiff states this instant (**Status Report**) is to inform this Court of the Plaintiff's current status and also, (This instant Amendment and/or Supplements) is to exspend the record to show the additional (**Defendant(s)**) and (**Evidence**) and to (**Amended**) request the plaintiff does state the following "**complaint**" in support of such request:

### I. JURISDICTION & VENUE

1) This is a civil action authorized by **42 U.S.C. Section 1983**, to redress the deprivation, under color of State Law, of Rights secured by the Constitution of the United States. The Court has jurisdiction under **28 U.S.C. Section 1331 and 1343(A)(3)**.

2) The United States District Court for the Southern District, Miami-Dade Division is an appropriate venue under **28 U.S.C. Section 1391(b)(2)** because it is where the event giving rise to this claim occurred.

## II. PLAINTIFF

3) Plaintiff, Perry Keith Martin, is and was at all times mentioned herein a prisoner in the care and custody of the Florida Department of Corrections. He is currently confined in Dade Correctional Institution, in Florida City, Florida.

## III DEFENDANT(S)

4) Defendant, Walter McNeal, whom was the overseer of the Florida Department of Corrections during alleged civil rights violation, who was responsible for the professional care and protection of all prisoners incarcerated in the State of Florida Prisons at all material time has acted under color of State Law and is sued in his individual and official capacity.

5) Defendant, William Churchwell, who is an employee under the Policy and Procedure of the Florida Department of Corrections and is responsible for the professional care and custody of prisoners housed at Dade Correctional Institution, at all material times, has acted under color of State Law and is sued in his individual and official capacity.

6) Defendant, James Schweinsburg, (Schweinsburg) whom is an employee under the Policy and Procedure of the Florida Department of Corrections and is responsible for the professional care and custody of prisoners housed at Big Pine Key Road Prison #426. At all material times, has acted under color of State Law and is sued in his individual and official capacity.

7) Defendant, Kelly Birge (Birge) whom is an employee under the Policy and Procedure of the Florida Department of Corrections and is responsible for the professional care and custody of prisoners housed at Big Pine Key Road Prison # 426. At all material times, has acted under the color of State Law and is sued in his individual and official capacity.

8) Defendant, Kirk Sergeant, (Sergeant), whom is an employee under the Policy and Procedure of the Florida Department of Corrections and is responsible for the supervision, care, custody and control of prisoners house at Big Pine Key Road Prison #429. At all material times, has acted under color of State Law and is sued in his individual and official capacity.

9) Defendant, Curtis Dewares (Dewares), whom is an employee under the Policy and Procedure and under contract with the Florida department of corrections and is responsible for providing proper medical care and treatment of prisoners housed at Dade Correctional Institution. At all material times, has acted under color of State Law and is sued in his individual and official capacity.

10) Defendant, Julio Poveda, (Poveda), whom is an employee under the Policy and Procedure and under contract with the Florida Department of Corrections and is responsible for providing proper medical care and treatment of prisoners housed at Dade Correctional Institution. At all material times, has acted under color of State Law and is sued in his individual and official capacity.

11) Plaintiff, Perry Keith Martin, as an inmate residing in a State prison facility is under the lawful care, custody, and control of the Florida Department of Correction and its employees.

12) The Defendants have acted and continues to act out under color of State Law at all time relevant to this complaint.

13) Perry Keith Martin, (Martin), is and inmate incarcerated in the Florida Department of Corrections, presently housed at Dade Correctional Institution, (D.C.I.).

## "FACTS"

14) On February 9th 2011, Plaintiff was once again taken to NOVA Southeastern University Maxillofacial Facility, located in the 3rd floor of Broward General Hospital in Broward County by officers Shelby and Roberts.

15) The Plaintiff was examined and interviewed by several new M.D.M. oral surgeon specialist, not the same as the 2 other visits. Martin talked freely with an oral surgeon named M.D.M. Labode. Doctor Labode told Plaintiff that all NOVA clinic staff were under the impression that Plaintiff didn't want corrective surgery. When Martin asked where they (**NOVA Clinic**) got that information and impression from, no one responded.

16) Plaintiff, asked Doctor Labode how envasive this surgery would be, he stated "**it will be like shooting a knatt off the wall with a shotgun.**" It was during this 3rd and final consultation that upon Martin's information and belief, the "**unknown**" up until this point M.D.M. surgeon specialist name is Doctor Kaltman. As the written record procured by plaintiff of the February 9th 2011 visit state "**Patient has reapport with NOVA clinic Dr. Kaltman.**"

17) Plaintiff alleges, as the written record reflects of a January 26th, 2011. Dental visit, "severe occlusual discrepancies. Anterior open bite," and the DC4-702 form under other pertinent information "**Re-EVALUATE FOR SURGICAL CORRECTION OPTION**" It is Martins allegation that Dade never intended to carry out the "**special instructions**" Plaintiff signed

at the emergency room on November 16th 2010. Plaintiff contends since his arrival to Dade infirmary. Big Pine Key and all named Defendants never intended to have Martin's prescribed special instructions carried out.

18) Plaintiff contends that the medical records reflect "severe occlusal discrepancy resulting in **limited chewing capacity," leaving Martin to suffer extream anxiety. Pain in the mandible break area, infection, misaligned teeth, extream weight loss, causing plaintiff to be in a weakened immune system state** due to weight loss down to 126 pounds as medical records procured reflect. See: Exhibit (A).

19) Plaintiff contends, as the written records reflects two final grievances sent out legal mail Log# 8137 Wednesday February 23rd 2011 recipt received on March 7th 2011 Log# 11-606375    no response received (**GRV-Proc**) it was only through the receiving of these last 2 grievances to the secretaries office did plaintiff received any meaningful medical treatment, and action taken. See Exhibits (B).

20) Plaintiff contends, as the medical records reflect, as well as all submitted documents in the original section 1983 complaint state.

21) All named defendants from Big Pine Key as well as Dade Correctional Institution upper administration showed plaintiff total disregard to plaintiffs serious medical need, demonstrated in the working of plaintiff 7 days a week for approx. 59 hours a week. Total disregard to medical passes written restricting Martin, Pass written on February 25th 2011 for "**bed rest lay-in**" by nurse J. Dewares who witnessed plaintiff working as she returned from her lunch brake.

22) Plaintiff was ordered to work replacing exit signs for the health and safety sergeant Dixon in the visitation/administration building on February 28th 2011.

23) Plaintiff contends as a result of the new D.O.C. secretary's office, Edwin G. Buss did plaintiff receive the appropriate response, and on March 11th 2011 Martin was transported to reception/medical center where mandible union surgery was performed on March 17th, 2011. 121 days after the "**special instructions**" signed by plaintiff at key west hospital emergency room.

24) The surgery was performed by M.D.M. Andrew Skigen at Memorial Hospital Jacksonville. Oral Surgeon specialist Andrew Skigen repositioned the right side mandibular fracture site and implanted a "Reconstruction plate" which drastically stabilized the right side fracture area.

25) Doctor Skigen explained that the right side fracture area healed "exactly where it was" after receiving injury on November 16th 2010 exactly what plaintiff cited in original initial grievance Log# 1011-463-140 signed by both defendants Poveda as well as Churchwell, signed denied. See Exhibit (C).

26) As a result of the extreamly envasive surgery plaintiff has nerve damage and permanent numbness in the lower lip right side break area. T.M. J. Pain that was not alievated from surgery and teeth alignment is still not restored.

27) As of July, Plaintiff has not been able to procure the medical file from the March 17th procedure at memorial hospital Jacksonville after several attempts to do so. It is not in Department of Corrections Medical or dental files.

28) Plaintiff contends as the medical records reflects that Plaintiff was placed on a full liquid diet at Lake Butler Reception/Medical Center as Martins mouth was wired shut for 4 weeks, during which time plaintiffs body weight went from 126 pounds March 14th 2011, as D.O.C. Medical Records reflects to 140 pounds upon arrival back at Dade Correctional on May 13th 2011. Clearly establish all elements in original complaint. See Exhibit (D).

29) Plaintiff alleges as the enclosed documents reflect all of Martins initial 303 emergency grievances were received at the secretaries office in Tallahassee in December of 2011, all grievances filed at the institutional level, denied, forwarded to the secretarys office, under Defendant Walter McNeal. See Exhibit (E).

30) On or about April 15th, 2011 while at reception medical center Martin received all relevant grievances back **"appeal approved"** signed and dated by Pilar Tournay 11SC responding employee on March 18th 2011 one day after corrective surgery was prformed, grievance Log# 1011-463-140, Log# 10-6-39031, Log# 10-6-39669, Log# 10-6-39670 all **"appeal approved"** See Exhibit (E).

## LEGAL CLAIMS

31) Plaintiff realleges and incorporates by reference paragraphs 1-61 in initial complaint and paragraph 1-33 in this supplemenat complaint.

32) Defendants, **McNeal, Churchwell, Schweinsburg, Birge, Sergeant, Poveda,** and **Dewares,** violated plaintiffs eighth amendment rights for equal protection of the law in regards to being deliberately denied proper medical treatment by not promptly carrying out the prescribed medical treatment. And in being denied through deliberate indifference, those actions caused plaintiff to realize extream pain and suffering a second time, that delay in providing proper care has cause Martin to suffer further permanent damage in way of damage nerves in the placement of a reconstructive plate in the right side mandible area, which could have been avoided had all named defendants carried out the special instructions prescribed by the medical professional at lower keys medical center, on 11-16-2010.

33) The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs describe herein. Plaintiff has been and will continue to be irreparably injured by the conduct of all named defendants unless this court grants the damages and injunctive relief which plaintiff seeks.

## CONCLUSION

The plaintiff states that this instant pleading has been filed in both (**good faith**) and in the (**interest of justice**).

## UNNOTARIZED OATH

Under the authority of Section 92.525 of Florida Statutes and See as in *Shearar v. State*, 628 So.2d 1103 (Fla. 1993). The plaintiff sates that this (**oath**) and (**motion**) was submitted under the penialtes of perjury. The plaintiff states that he has read the foregoing and all the facts are true and correct. Under the penialtes of perjury.

Perry Keith Martin, DC# 747017

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by the U.S. mail to: Clerk of Court, United States District Court, Southern District of Florida, at 400 N. Miami Ave, Room #8 no9, Miami, Florida 33128-7716. This _11th_ day of _July_ 2011.



Perry Keith Martin, DC# 747017
Dade Correctional Institution
19000 S.W. 377th Street
Florida City, FL 33034

RECEIVED
JUL 11 2011
By



Severe
occlusal
discrepancy

On 11-16-2010 at Key West Hospitals Emergency Room being triaged Plaintiff plainly states "Jaw not aligning right". On 11-24-2010 Plaintiff submitted an emergency 303 Grievance log # 1011-463-140 to defendant William Churchwell telling him of my Jaw misalignment and explaining the sevear Pain Plaintiff has been subjected to. Grievance was denied, and signed by both defendants Churchwell and Poveda. MDM Oral Surgeon Specialist Dr Andrew Skigen explained to Plaintiff that the rightside Mandible break Area essentually healed partially right where it was from the initial Injery, and that the severe Pain was from the flexing of this break Area and Grinding of the two bones. Mandible Union Surgery was performed on 3-17-2011. Plaintiff contends had the special Instructions been carried out and Jaw Properly set in place on November 16th, 2010. There never would have been a need for Surgery at all.

Paragraph # 24 #25        Exhibit C



A Separate fracture through the right mandibular Body, just anterior to the remaining right mandibular molars

metal Plate installed by D.M.D Andrew Skigen, at Jacksonville's Memorial Hospital on March 17, 2010 121 days After injury

...r of facial Bones ...iology Results Matthew Dixon ...r Keys Medical Center on .../2010 at 10:42 Am

...te Mandibular fracture

...racture At the left mandibular ...nus that virtually extends ...ross the base of the left ...ndibular condyle. This does ...appear to extend to the Alveolar ...al.

Exibit C

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
CONSULTATION REQUEST/CONSULTANT'S REPORT

TO Institution: SFRC

FROM Institution: Dade CI

DATE OF REQUEST: 01/26/11

Reason(s) for consultation:
Evaluate and recommend diagnostic plan ___
Evaluate and recommend treatment plan ✓
Other (specify): _____

Type of consultation:
Emergency ___
Urgent ___
Routine ___
Follow-up ✓

DATE APPOINTMENT MADE: _____

Staff Signature: _____

APPOINTMENT DATE: _____

Follow-up consults require justification: Difficulty chewing, deviated occlusion.

Condition is (check one): ☐ Acute Trauma   ☐ Acute Illness   ☑ Chronic

History of present illness (include onset, presentation, progress, therapy):
Patient suffered bilateral mandibular fracture as a result of trauma to lower jaw on 11/16/10

Physical findings:
Severe occlusal discrepancies, anterior open bite, difficulty chewing.

Diagnostic findings (explain laboratory, x-ray, or other test findings):
Partially healed mandibular fracture, with mandibular deviation.

Other pertinent information:
Re-evaluate for surgical correction option.

Provisional diagnosis:
Severe occlusal discrepancy resulting in limited chewing capacity.

Health Care Provider Signature/Stamp: _____ Dr. R. Arosemena, Dentist, Dade CI

CHO/Designee Approval Signature/Stamp: _____

## AUTHORIZATION FOR SPECIALITY EVALUATION

I, the undersigned, have had explained to me and understand that I require _____ which cannot be accomplished at _____ I also understand that should hospitalization and/or surgery be necessary, a separate consent form will be signed prior to such hospitalization and/or surgery. I therefore consent to be referred to a reception and medical center, or such other health care facility as may be appropriate for the reason(s) stated, and consent to undergo health care services as may be necessary to evaluate my health status.

Signature of Patient: _____   Date: _____

Signature of Witness: _____   Date: _____

**IT IS ABSOLUTELY NECESSARY THAT INMATES ARE NOT MADE AWARE OF ANY SCHEDULING INFORMATION PENDING ANY APPOINTMENT OUTSIDE THE INSTITUTION**

Inmate Name: Martin Perry
C#: 747017   Race/Sex: W/M
Date of Birth: 05/27/59
EOS DATE: Dade CI   04/23/2013

C4-702 (Revised 12/1/10) Page 1 of 2

(Showing known disability; Provisional diagnosis: Severe occlusal discrepancy resulting in limited chewing capacity)
Paragraph #17 #18   Exhibit A

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH INFORMATION TRANSFER/ARRIVAL SUMMARY**

Date: 3-10-11

Special Transportation needs: ☑ No ☐Yes:

Transferring FROM: DCI    Transferring TO: RMC

Medical Hold: ☑ No ☐ Yes → Reason: N/A

Last TB Date & Results: 10/15/92 Allergies: NKDA    Single dose medication: ☑ No ☐Yes

Mental Health Hold: ☑ No ☐ Yes → Reason: N/A
= 22/mm

List:    & TB completed 1993.

Currently on Suicide Watch / Precautions : ☑ No ☐ Yes

Currently being treated for Medical problems: ☐ No ☐ Yes → Dx: S/P Jaw ft = Jaw pain

Currently being treated for Dental problems: ☑ No ☐ Yes → Dx: N/A

Currently being treated for Mental Health problems: ☐ No ☑ Yes →Dx: Depression, anxiety.

Impairment: ☑ No ☐ Yes → Type: N/A

edication accompanying inmate: ☐ N/A ☐ No ☑ Yes → ☐ 7 days ☑ 30 days

List medication, dose, and frequency: Ibuprofen 600 PO BID PRN

Pending
Appointments/Consults/Labs    Medical: ☐ No ☑ Yes    Dental: ☑ No ☐ Yes    Mental Health: ☐ No ☑ Yes    Chronic Illness Clinic: ☑ No ☐ Yes
Type: N/A

* Receiving facility must complete (*) items.    Completion of the below information is not applicable for inmates transferring to a community facility (e.g., work release center)

Document Name of Facility: RMC

| | In Transit #1: | | | | | In Transit #2: | | | | | Permanent: | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date and Time: MAR 1 4 2011 1626 | | | | | | | | | | | | | | | |
| Temperature (T), Pulse (P), Respirations (R), Weight (Vital signs out of normal range require referral) | T 98 | P 87 | R 16 | / 11/15 | W 126 | T | P | R | / | W | T | P | R | / | W |
| Oriented to: | ☑ Person ☐ Place ☐ Time | | | | | ☐ Person ☐ Place ☐ Time | | | | | ☐ Person ☐ Place ☐ Time | | | | |
| A O X X 6 | ☑ Cooperative ☐ Anxious | | | | | ☐ Cooperative ☐ Anxious | | | | | ☐ Cooperative ☐ Anxious | | | | |
| Current behavior (* Requires referral) | ☐ Agitated* ☐ Bizarre* | | | | | ☐ Agitated* ☐ Bizarre* | | | | | ☐ Agitated* ☐ Bizarre* | | | | |
| 1. Health Services Inmate Orientation Handbook received? | ☑ NA ☐ No ☐ Yes → Inmate initials: | | | | | ☐ NA ☐ No ☐ Yes → Inmate initials: | | | | | ☐ NA ☐ No ☐ Yes → Inmate initials: | | | | |
| *2. Oriented to access to care (Sick Call, Emergency, Pill Line, Mental Health, Dental, and Medication Pick-up | ☑ NA ☐ No ☐ Yes → Inmate initials: | | | | | ☐ NA ☐ No ☐ Yes → Inmate initials: | | | | | ☐ NA ☐ No ☐ Yes → Inmate initials: | | | | |
| *3.    Is    inmate    currently    receiving medications? | ☐ No ☑ Yes | | | | | ☐ No ☐ Yes | | | | | ☐ No ☐ Yes | | | | |
| Single dose? | ☐ No ☑ Yes | | | | | ☐ No ☐ Yes | | | | | ☐ No ☐ Yes | | | | |
| 4. Does the inmate have medication(s) with her/him? (If no, referral required) | ☐ No ☑ Yes | | | | | ☐ No ☐ Yes | | | | | ☐ No ☐ Yes | | | | |
| *5. Is the inmate currently receiving healthcare? | ☐ No ☑ Yes → ☐ Medical ☐ Mental Health ☑ Dental | | | | | ☐ No ☐ Yes → ☐ Medical ☐ Mental Health ☐ Dental | | | | | ☐ No ☐ Yes → ☐ Medical ☐ Mental Health ☐ Dental | | | | |
| 6. Is the inmate presently thinking of committing suicide? | ☑ No ☐ Yes | | | | | ☐ No ☐ Yes | | | | | ☐ No ☐ Yes | | | | |
| *6a. If inmate answers "Yes" to #6, immediate MH referral is reqd | ☐ Referral made | | | | | ☐ Referral made | | | | | ☐ Referral made | | | | |
| *7. Do    re | N/A | | | | | N/A | | | | | ☐ No ☐ Yes | | | | |

C-747017 TM 40 03/14/2011

Buscooch #18    Exhibit A    weight 126 pounds upon arrival at Reception/medical

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH SLIP/PASS**

The below-named inmate is authorized for:

| | | |
|---|---|---|
| Bed rest lay-in | From 11/19/10 | To 11/11/11 |
| Low/bottom bunk | From 11/19/10 | To 02/19/11 |
| No shave | From | To |
| Restricted activity | From | To |
| Restrictions: | | |

Other:   From 11/19/10  To 02/19/11
q ALL S ____

Inmate MARTIN ____
DC# 747017     R/S WM
Date of Birth 05/27/59
Institution D CI

Authorized by: CDMP
(Initial & Name Stamp)
Date: 11/19/10

C. Dwares
ARNP/FNP
Dade C____

Health Slip/Pass
DC4-701D (2/96)     White/Medical  Yellow/Security  Pink/Inmate

One of the Passes written by
defendant Curtis Dewares on Nov.
19th when Plaintiff was released
back into open population with
Acute Mandibular fracture

("Authorized by Curtis Dewares
Nurse Practitioner") 11-19-10

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**HEALTH SLIP/PASS**

The below-named inmate is authorized for:

| | | |
|---|---|---|
| ☑ Bed rest lay-in | From 2/25/11 | To 2/28/11 |
| ☑ Low/bottom bunk | From 2/25/11 | To 3/25/11 |
| ☐ No shave | From | To |
| ☑ Restricted activity | From 2/25/11 | To 3/25/11 |
| ☑ Restrictions: | no lifting over 5 lbs. | |

no pushing no pulling. no
prolonged standing over 10 Min-

☐ Other:   From ____ To ____

Inmate MARtin Perry     Authorized
DC# 747017   R/S WM    by:
Date of Birth 5-27-59    (Initial & Name Stamp)
Institution DCI       Date: 2/25/11

J. DWARE
____

Health Slip/Pass
DC4-701D (2/96)     White/Medical  Yellow/Security  Pink:/Inmate

Nurse J. Dewares wrote this pass
on 2-25-11 Plaintiff advised work
Supervisor of Pass to no avail
Plaintiff worked 7 days a week up to
59 hours a week   On 2-28-11
was instructed to assist Health and
Safety Sgt Dixon with the testing
of Smoke detectors in Housing
dormatories and to replace several
Exit lights in and around Administratic
Building / Visitors park, Proof that
Dade Correctional doesnt honor Medical
Passes, Inmates are threatened with
confinement for refusing to work or
disobeying a Verbal Order

Paragraph # 21   Bed rest lay-in
Restricted activity

DIET PRESCRIPTION/ORDER

DATE 3-23-11

PHYSICIANS ARE TO PLACE A CHECK MARK AND/OR SIGN INITIALS BESIDE THE APPROPRIATE DIET:

DIETS:

| | |
|---|---|
| Clear Liquid Diet | *1600 Calorie Regulated Diet |
| Cold Liquid Diet | **2200 Calorie Regulated Diet |
| Full Liquid Diet | |
| Puree Diet | *1800 Calorie Regulated Diet |
| Mechanical Dental Diet | 3600 Calorie Regulated Diet (w/ 3 meals and 3 snacks) |
| Low Residue Diet | 4000 Calorie Regulated Diet (w/ 3 meals and 3 snacks) |
| Fat Intolerance Diet | Prenatal Diet |
| CSU (Suicide Precaution) Diet | Dialysis Diet (90-105 gm PRO, 2.0-3.0 gm Na+, 3.0-3.2 gm K) |
| Predialysis Diet (50-65 gm PRO, 2.0-3.0 gm Na+ 3.0-3.2 gm K) | |

*These diets contain <300 mg of Cholesterol and <2300 mg of sodium.

PATIENT TO STAY ON PRESCRIBED DIET FROM 3-23-11 TO 5-3-11

OBSERVATIONS

DOCTOR OR CLINICAL ASSOCIATE: _____ (signature and stamp)

Inmate Name _____
DCF # _____
Date of Birth 5-17-59
Institution _____

DIET PRESCRIPTION/ORDER
DCF-728 (Revised 6/98)

Distribution: White-Food Service  Canary-Medical Record

Exhibit D

Pure liquid diet with Ensure 3 times daily

Paragraph #28



"Amended   Exhibit "A" Paragraph #15 in initial complaint. Plaintiff was misinformed by Nova Clinic Dr Kaltman as to leftside Mandibular fracture. It is a "vertical fracture" from the Alveolar Canal that is traversing down the base of the left Mandibular condyle. This is the Area of the left side. T M J Pain that Plaintiff is experiencing. Dr Andrew Skigen was very forthright in explaining and describing each break Area. Plaintiff learned that the "Masticatory Muscles" if one were to bite into an ear of corn, the Mastication muscles in the Jaw compress your teeth to exert around Sixty-eight pounds of force per square inch. If one really clenches hard one can increase pressure to One-hundred Seventy pounds per square inch.

Amended Exhibit from initial Complaint  Exhibit A paragraph # 15

## PART C - RECEIPT  (TO BE COMPLETED BY DC STAFF)

RETURN TO:

| MARTIN, PERRY | 747017 | 11-6-06375 | DADE C.I. | E1143S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

09D (NO RESPONSE RECEIVED(GRV PROC))

| 2/23/11 | 11-6-06375 |
|---|---|
| DATE | GRIEVANCE LOG NUMBER |

s of July 11th phintlff
s not recieved these two Grievances
ck from Secretarys office.

*Exhibit B    Paragraph #19*

lnst two Grievances sent
received on (reciept) 3-7-2011

al Grievance

STATE OF FLORIDA

DEPARTMENT OF CORRECTIONS

Received
Asst. Warden's Office

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

1011-403-140

NOV 2 9 2010

Dade Correctional Institution

O: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: Martin Perry K 747019 Dade Correctional Inst. Warden

Last First Middle Initial Number Institution

Part A – Inmate Grievance

Sir,

After being injured during my work assignment at Key West Housing Authorities
property on Kennedy drive, I was transported to Key West Hospital Emergency room
where an MRI was done revealing a double fracture in my jaw. The Nurse overseeing
my treatment on 11-16-2010 advised my work supervisor that I needed to be
transported to Miami Hospital where an Oral surgeon would treat and repair my
injuries. My work supervisor, after advising Big Pine, was ordered to have me, and all
both the CD Rom medical information discharged and transport me back to Big Pine, I
was then transported back to Dade where I stayed in the infirmary until 11-18-10
when I was transported to South Florida Reception Center to get a Facial X-Ray
that confirmed the findings of the MRI from 11-16-2010. I was transported
back to Dade infirmary where I spent one night and I was subsequently
released back into open population on 11-19-2010. Sir, I am giving
the fact that it is now 11-24-2010 as I write this, my jaw has been
in severe pain since 11-16-2010 and as it is now stifly sewn, my
jaw is healing, albeit wrong, I respectfully request that you address
medicals shortcomings in my medical treatment, thank you for your
time.

Respectfully submitted
Perry Martin

11-24-2010
DATE

Perry L. Martin - 747019
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___ / ___
#       Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____ Institutional Mailing Log #: _____
(Date)                                                                        (Received By)

DISTRIBUTION: INSTITUTION/FACILITY          CENTRAL OFFICE
              INMATE (2 Copies)              INMATE
              INMATE'S FILE                  INMATE'S FILE - INSTITUTION/FACILITY
              INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                             CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)    Paragraph #25    Exhibit C   Telling both defendants of my aligned Jaw

DEC 0 8 2010

## PART B - RESPONSE

| MARTIN, PERRY | 747017 | 1011-463-140 | DADE C.I. | A2148L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your formal grievance has been received and reviewed. You are scheduled for surgery soon. You are prescribed a special diet and have been given a slow eating pass.

Also, your pain medication was renewed. If you run out of pain medication please access sick call.

Grievance denied.

You may appeal and obtain further administrative review of your complaint by acquiring Form DC11-303, completing and forwarding it with attachments to the Inmate Grievance Administrator, 2601 Blair Stone Road, Tallahassee, Florida, 32399-2500. If you do not appeal, take the form and attachments to the mailroom receipting.

THIS DOCUMENT MAY CONTAIN CONFIDENTAL RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Dr. Julio Poveda, CHO
Dade C.I.

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 12-6-10 |
|---|---|---|
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Paragraph# 25      Exhibit C      Also noted in #29 #30

DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
DEC 15 2010
DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

TO: ☐ Warden ☐ Assistant Warden ☒ Secretary, Florida

From: Martin  Perry  K.          C-247017          10-6-390.31
      Last    First  Middle Initial    Number          Institution

Part A – Inmate Grievance

after being injured at work, and being taken to key West Hospital emergency room at key West. After the initial intake, the Professional Medical staff at key West Hospital E.R. did an MRI which revealed a double fracture in my face. The Doctors and Nurses at key West E.R. Prescribed treatment for my injury was to be transported to Miami Hospital to be treated by an Oral Surgeon Specialists, they also wrote a prescription for a Non-Narcotic pain reliever. After being transported to Dade C.I. infirmary, I received antibiotic and Ibuprofen for 9 days I never saw or met Dr. Julio Poveda CHO DCI until 11-29-10. At that time I received 600mg Ibuprofen at the med window, it bear a date on it of 11-17-10 from Sweller Pharmacy, 12 days late. Furthermore on 12-1-10 I declared a medical emergency as the "hematoma" that has developed in the break area began to swell and I became nauseous to the point of vomiting as a large abscess began to develop inside my jaw. Nurse Melega RN provided me with an Icepack for my "Hematoma" swollen face. I was also given Ibuprofen again, but did wrote me a pass to see Dr. Julio Poveda on 12-2-10. On 12-2-10 I went to medical to see Poveda and sat in medical from 8 AM until 2:4 pm and I never saw Dr. Poveda as officer Joseph can tell as I left @ 3:30 count Six, Nurse Melega offering we ice to put on a Hematoma. Plus the fact that Dr. Poveda wrote a Dental Mechanical diet. After any lay person could view my MRI as well as the D.O.C. X Ray and see the sheer impossibility of me chewing without a substantial risk of further injury. Dade CI's Dr. Julio Poveda has interfered with the Hospitals prescribed treatment as they have full knowledge of my serious medical needs and failed to respond adequately. It is inadequate and intolerable by fundamental fairness.

12-8-2010          Perry K Martin 247017
DATE               SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: 0

INSTRUCTIONS          7h          1011 # 463-  Signature
                                  140          463

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on ____  Institutional Mailing Log #: ____
              (Date)                                    (Received By)

DISTRIBUTION:  INSTITUTION/FACILITY        CENTRAL OFFICE
               INMATE (2 Copies)           INMATE
               INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
               INSTITUTIONAL GRIEVANCE FILE CENTRAL OFFICE INMATE FILE
                                           CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)  PARAGRAPHS #29 #30    Exhibit E

MAR 27 2011

DEPARTMENT OF CORRECTIONS
BUREAU OF INMATE GRIEVANCE APPEALS

*R M C*

**PART B - RESPONSE**

| MARTIN, PERRY | 747017 | 10-6-39031 | S.F.R.C. | J2103L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Approved:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

It is determined that the response made to you by Dr. Poveda on 12/6/10 did not appropriately address the issues you presented.

Therefore your appeal is being approved to the extent that you will be re-evaluated by an Oral Surgeon. The Institution has 30 days to implement this action.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Pilar Tournay IISC

| | | 3/18/11 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

| COPY DISTRIBUTION -INSTITUTION / FACILITY | COPY DISTRIBUTION - CENTRAL OFFICE |
|---|---|
| (2 Copies) Inmate | (1 Copy) Inmate |
| (1 Copy) Inmate's File | (1 Copy) Inmate's File - Inst./Facility |
| (1 Copy) Retained by Official Responding | (1 Copy) C.O. Inmate File |
| | (1 Copy) Retained by Official Responding |

*Paragraph #29 #30            Exhibit E*

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS  RECEIVED

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

DEC 2 ? 2010

TO. ☐ Warden    ☐ Assistant Warden    ☒ Secretary, Florida Department of Corrections

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

From: Martin  Perry  K         247017     Dade Correctional Institution
      Last    First  Middle Initial    Number    Institution
                                                  106-391669

### Part A – Inmate Grievance

Sir,

After being injured at work, and being taken to Key West Emergency Room at Key West Hospital. After initial intake, the Professional Medical staff at KWER performed an MRI on me which revealed a double fracture jaw. The doctors & Nursing staff at Key West Hospital prescribed treatment was to write me a prescription for a Non-Narcotic pain reliever and to immediately transport me to Miami Hospital for treatment by an Oral Surgeon specialist. I was given an injection of a non-narcotic pain reliever at Key West Hospital to alleviate the extreme pain I was in. After being transported to Dade and placed in the infirmary, I never received any pain medication except Ibuprofen for 36 hours. I never saw or met Dr. Julio Poveda, CHO Dade CI until 11-29-10. At that time, I had a callout to pick up meds and I received a 600 mg Ibuprofen at the medicine window table dated 11-18-10 from Lowell CI Pharmacy, thats 12 days of extreme pain. furthermore on 12-1-10 I declared a medical Emergency as the large hematoma that has developed in the break area begin to swell causing an abscess/fissure to develop in the area of the left-site fracture. I became Nauseous to the point of Vomiting. Nurse Meyers the orderly Nurse on 12-1-10 provided me with a report for my "hematoma" I was charged for and took Ibuprofen and told Nurse Meyers that may point me, I should be filled every day now. As I have knew that you never use ice on hematomas only hot compresses. Dade CI as well as Julio Poveda has not complied with the Hospitals Prescribed Treatment, Dade Medical has delayed getting me the specialist treatment, and they had full knowledge of my serious medical needs. The has (Medical treatment) has inadequate and is/not able to fundamentally functions. Please note, this is second copy and never received notification of receipt from Secretaries office. sent through institutional on 12-9-2010

12-18-2010                        Perry Martin  247017
DATE                              SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:
                                    # _____  Signature _____

### INSTRUCTIONS                  7h    1011-
                                        463-MO 463

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

### Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____    Institutional Mailing Log #: _____
                  (Date)                                              (Received By)

DISTRIBUTION:  INSTITUTION/FACILITY          CENTRAL OFFICE
               INMATE (2 Copies)             INMATE
               INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
               INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                             CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)   Paragraphs #29 #30    Exhibit E

R M C

MAILED/FILED
WITH AGENCY CLERK

MAR 2 9 2011

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MARTIN, PERRY | 747017 | 10-6-39669 | S.F.R.C | J2 03L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Approved:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

It is determined that the response made to you by Dr. Poveda on 12/6/10 did not appropriately address the issues you presented.

Therefore your appeal is being approved to the extent that you will be re-evaluated by an Oral Surgeon. The Institution has 30 days to implement this action.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Pilar Tournay IISC

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 3/8/11 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

Paragraph #29 #30                    Exhibit E

8080

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

RECEIVED
By
DEC 2 2 2010
DEPARTMENT OF CORRECTIONS
Dade C.I. INMATE GRIEVANCES

TO: ☐ Warden     ☐ Assistant Warden     ☒ Secretary, Florida Department of Corrections

From: Martin          Perry          K.          242012          Dade C.I.
      Last           First      Middle Initial      Number          Institution

D-6-3961D

Part A – Inmate Grievance

Sir,

I am grieving Dade Medical and Dr. Julio Poveda and the Systemic failure to provide adequate medical Care for my Serious medical need. The denial of my complaints without further Investigation (i.e. I do have proof of falsifying documents, I.E. pre dating passes, stamping documents when person being represented is on vacation during dated time period.) Indicating that someone not qualified is using Poveda's stamp i.e. Cindia Duenas ARNP furthermore when I witnessed Poveda pre dating the passes, I told him of this "Human error," and stated to him that he had just falsified a document, and I further told him of the infection that had developed inside me Jaw, and the need of anti biotics, to no avail. I declared a dental Emergency, On tuesday December 14th, at which time the Dentist prescribed the anti biotics for my infected Jaw. Dade Systemic failure to provide adequate treatment for my serious medical need is touch line criminal and grossly inadequate and I resulted in extream pain, and a constitutional failure on their part.

                              Inmate Perry Martin
                                   V 242012

12-19-2010                    Perry Martin 242012
   DATE                    SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____
                                                                    Signature

                    INSTRUCTIONS          #
                                        70-   1012-
                                       463-031   463

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on _____      Institutional Mailing Log # _____      _____
                          (Date)                                      (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)             INMATE
                 INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                               CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)     Paragraphs #29 #30  Exhibit E

*RMC*

MAR-2 7 2011

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| MARTIN, PERRY | 747017 | 10-6-39670 | S.F.R.C. | J2-103L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Approved:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

Your appeal is being approved to the extent that you will be re-evaluated by an Oral Surgeon. The Institution has 30 days to implement this action.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Pilar Tournay IISC

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 3/18/11 DATE |

COPY DISTRIBUTION - INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Paragraph #29 #30          Exhibit E

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

RECEIVED

DEC 22 2010

DEPARTMENT OF CORRECTIONS
Dade C.CENTRAL GRIEVANCE

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From: Martin   Derry   K   _247017_

Last   First   Middle Initial   Number

Institution
1D-6-39670

Part A – Inmate Grievance

Sir

I am grieving Dade Medical and Dr. Julio Poveda and the Systemic
failure to provide adequate medical care for my serious medical need.
The denial of my complaints without further investigation (i.e. I do have
proof of falsifying documents, i.e. see stating passes, stamping documents when
person being represented is on vacation during dated time period). Indicating
that someone not qualified is using Poveda's stamp i.e. Cuebas Duncas ARNP
furthermore when I witnessed Poveda pre dating the passes, I told him
of his "Human error," and stated to him that he had just falsified
a document, and I further told him of the infraction that two Envelopes
inside me jaw, and the use of anti biotics, to no avail. I declared
a dental Emergency. On tuesday December 14th, at which time the
Dentist prescribed the anti biotics for my infected jaw. Dade
Systemic failure to provide adequate treatment for my serious
medical need is boarderline criminal and clearly inadequate
and resulted in extream pain, and a constitutional failure on
their part.

Inmate Derry Martin
247017

12-19-2010
DATE

Derry Martin 247017
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

2
Signature

#
10-2-
463-031   463

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on _____   Institutional Mailing Log # _____
(Date)                                                                                              (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY          CENTRAL OFFICE
                INMATE (3 Copies)             INMATE
                INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)   Paragraphs #29 #30 Exhibit E